UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-14044-CIV-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

WALTER JANKE, M.D., LALITA
JANKE, and MEDICAL RESOURCES,
L.L.C.,

    Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO JOIN A REQUIRED PARTY

THIS CAUSE came before the Court upon the Motion of Defendants Walter Janke, M.D., Lalita Janke, and Medical Resources, L.L.C. to Dismiss fo Failure to Join a Required Party [54]. Plaintiff, the United States of America, filed a Response [71] and Defendants filed a Reply [74].

UPON CONSIDERATION of the Motions, the Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

I.    **BACKGROUND**

This case involves an alleged fraud on the federal Medicare program, in violation of the federal False Claims Act ("FCA"). Plaintiff, the United States of America ("the United States") alleges that Walter Janke, M.D. and Lalita Janke, (collectively the "Jankes") and Medical Resources, LLC ("MR") (collectively, the "Defendants"), violated the FCA by making, or causing to be made, false statements and claims that resulted in millions of dollars of Medicare

1

overpayments. The United States alleges that the Defendants falsely represented or caused Defendant MR and America's Health Choice Medical Plan, ("AHC") to falsely represent that AHC beneficiaries had serious illnesses that were not supported by the patients' own medical records. AHC, now defunct, was a Medicare Advantage Health Plan, of which the Jankes were sole shareholders. MR, a network of clinics that provided primary health care to AHC beneficiaries, was its corporate affiliate. On August 6, 2008, the Circuit Court in and for the Second Judicial Circuit of the State of Florida entered an order appointing the Florida Department of Financial Services as receiver of AHC, and entered a stay precluding the commencement or continuation of lawsuits against AHC or its assets. The United States contends that Defendants and AHC are jointly and severally liable for the alleged violations, but has not joined AHC as a defendant in this action.

## II.     ANALYSIS

Defendants claim that AHC is a required party that must be joined under Federal Rule of Civil Procedure 19. However, because AHC is in receivership and cannot currently be joined due to the Florida receivership court's stay prohibiting suit against it, Defendants assert that this case must be dismissed pursuant to Federal Rule of Civil Procedure Rule 12(b)(7). The United States responds that AHC is not a required party under Rule 19.

Rule 19(a)(1) of the Federal Rules of Civil Procedure sets forth two categories of persons who are required to be joined if feasible. A non-party is a person who must be joined if

> (A) in that person's absence, the court cannot accord complete relief among the existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may:
>> (i)     as a practical matter impair or impede the person's ability to protect that interest; or

    (ii)  leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the claimed interest.

Fed. R. Civ. P. 19(a)(1). A Rule 12(b)(7) motion to dismiss for failure to join a required party under Rule 19 triggers a two-step inquiry. See Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1279 (11th Cir. 2003). First, the court applies the standards of Rule 19(a) to determine whether the person in question is one who should be joined if feasible. See id. at 1280. This first step is governed by "pragmatic concerns, especially the effect on the parties and the litigation." Id.[1] Second, if the person should be joined but cannot be, the court weighs a series of factors listed in Rule 19(b) to determine whether dismissal is appropriate. See id. As with a motion to dismiss for failure to state a claim, all the facts stated in the complaint and all reasonable inferences therefrom are accepted as true. See BB In Tech. Co., Ltd. v. JAF, L.L.C., 242 F.R.D. 632, 636-37 (S.D. Fla. 2007).

  Here, the first step is to determine whether AHC is a person who should be joined if feasible under Rule 19(a). Because Defendants do not meet their burden of demonstrating that AHC should be joined under Rule 19(a), the Court need not determine whether AHC would be indispensable under Rule 19(b). See Focus on the Family, 344 F.3d at 1279.

  A.  Rule 19(a)(1)(A): The Court Can Accord Complete Relief in AHC's Absence

---

[1] Additionally, "[s]ubparts (i) and (ii) [of Rule 19(a)(1)(B)] are contingent . . . on an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action." See BFI Waste Sys. of N. Am., Inc. v Broward County, 209 F.R.D. 509, 516-17 (S.D. Fla. 2002) (citing Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir. 1983)). "The interest must be 'legally protected, not merely a financial interest or interest of convenience.'" 4 James Wm. Moore et al., Moore's Federal Practice, ¶ 19.03[3][b] (3d ed. 1997) (citations omitted) (hereinafter "Moore's").

It is a basic rule of the law of joinder that "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990); see also Fed. R. Civ. P. 19 advisory committee's note (1966) (noting that jointly and severally liable defendants are permissive parties). "Inherent in the concept of joint and several liability is the right of a plaintiff to satisfy its whole judgment by execution against any one of the multiple defendants who are liable to him." Janney Montgomery Scott v. Shepard Niles, Inc., 11 F.3d 399, 412 (3rd Cir. 1993). It is equally clear that the FCA provides for joint and several liability. See U.S. v. Aerodex, Inc., 469 F.2d 1003, 1012 (5th Cir. 1972); U.S. v. Entin, 750 F.Supp. 512, 520 (S.D. Fla. 1990) (holding defendants jointly and severally liable for violations of the FCA). For the reasons discussed below, AHC and the Defendants are joint tortfeasors under the FCA, and the United States may therefore obtain complete relief from the Defendants without making AHC a party to the case. That Defendants may have a claim for contribution or indemnification against AHC is of no consequence, as "[t]he complete relief provision of 19(a) does not concern any subsequent relief via contribution or indemnification for which the absent party might later be responsible." DeWitt v. Daley, 336 B.R. 552, 556 (S.D. Fla. 2006) (internal quotation marks omitted); see also Pujol v. Shearson/Am. Express, Inc., 877 F.2d 132, 137 (1st Cir. 1989) ("if one thing is clear in respect to Rule 19, it is that, unlike a person vicariously liable in tort . . . a person potentially liable as a joint tortfeasor is not a necessary or indispensable party, but merely a permissive party subject to joinder under Rule 20").

Defendants argue that the Court cannot accord complete relief amongst the parties unless AHC is joined because AHC was not a mere joint tortfeasor, but rather an "active participant" in the fraud, and, in fact, "the central figure in the allegations at issue." Def.'s Mot. to Dismiss at 7

[54]. See generally Laker Airways, Inc. v. British Airways, PLC, 182 F.3d 843 (11th Cir. 1999) (holding that joint tortfeasors may nonetheless be required parties where they are "active participants" in an alleged wrong). Specifically, Defendants argue that "AHC—not the current [D]efendants—had the direct contract with CMS, submitted the allegedly false claims to CMS, and received payments from CMS." Id.

However, the Jankes' and MR's alleged involvement in the scheme is hardly peripheral or incidental. The Complaint alleges that the Jankes were the sole shareholders and operators of AHC; that MR, AHC's sole primary care provider, received payments from AHC in excess of 80% of the funds that AHC received from Medicare; that the Jankes personally directed "data sweeps" of thousands of beneficiary medical files to collect additional, unjustified diagnoses to inflate Medicare payments; that the Jankes hired unlicensed physicians to conduct these sweeps; that Lalita Janke personally urged these physicians to seek out any evidence of major medical diagnoses to inflate fraudulent Medicare claims; that both Jankes knowingly took part in meetings and correspondence discussing a computer system that reported false data to the Center for Medicare and Medicaid Services ("CMS"); and that the Jankes and MR received independent confirmation from two potential buyers and from their own hired expert that AHC's risk adjustment submissions contained false claims, but failed to report this information to CMS. See Compl. at ¶¶ 20-21, 26-27, 29, 33-35. The United States further alleges that Walter Janke deposited over $12,000,000 in Medicare payments into his personal bank account and that both Jankes warned employees to not cooperate with official investigations of AHC. See Pl.'s Resp. in Opp'n at 5-6 [71].

In short, far from pleading that AHC was the "central figure" in the alleged fraud, the Complaint contends that the Jankes and MR were key players. Moreover, that AHC may have

also played an important role as an instrument through which the Jankes allegedly orchestrated the scheme, does not cloak AHC with some special significance that requires it to be joined here. Because the Jankes and MR are alleged to be directly liable for the fraud, they are, with AHC, classic examples of joint tortfeasors, and the United States may seek recovery directly from them without joining AHC.

Even if AHC were more than a joint tortfeasor, this Court has declined to adopt an "active participant" theory of Rule 19(a) in FCA cases. See U.S. v. United Techs. Corp., No. 95-8251, slip op. at 7-8 (S.D. Fla. Oct. 23, 1995) (concluding in FCA case that the United States could obtain complete relief from a single named defendant without joining alleged "active participant")[2]; see also Mortgages, Inc. v. U.S. District Court for the District of Nevada, 934 F.2d 209, 212 (9th Cir. 1991) (recognizing general rule of joint and several liability in FCA cases). Courts have also been reluctant to extend the "active participant" theory to areas outside of antitrust claims, where it was originally applied. See Axiom Worldwide, Inc. v. Becerra, No. 8:08-cv-1918T-27TBM, 2009 WL 1347398, at *4 (M.D. Fla. May 13, 2009) (declining to extend the active participant exception outside of the antitrust context). This Court finds that it would be similarly inappropriate to apply an "active participant" exception to the joint tortfeasor rule in this FCA case.

B.   Rule 19(a)(1)(B): AHC Has Not Claimed a Legally Protected Interest

AHC is not a required party under Rule 19(a)(1)(B). A prerequisite to the application of Rule 19(a)(1)(B) is that the absent party claim a legally protected interest in the subject matter of

---

[2] A copy of this unpublished opinion is appended to the United States' Response as "Attachment B." See Pl.'s Resp. in Opp'n [71-3].

the ongoing suit. See, e.g., BFI Waste Sys. of N. Am., Inc., 209 F.R.D. at 516-17. AHC has not, however, claimed an interest relating to the subject of the present action:

> [T]he Receiver for AHC has not sought to intervene presumably because it does not believe AHC's rights will be impaired or impeded. Indeed, counsel for the Receiver advised the United States that the Receiver takes no position at this time as to whether AHC's interest will be affected by this litigation.

Pl.'s Resp. in Opp'n at 14 [71]. Absent special circumstances, the Court will not second-guess the Receiver's assessment of AHC's interests. See U.S. v. San Juan Bay Marina, 239 F.3d 400, 406-07 (1st Cir. 2001) (refusing to second-guess Commonwealth of Massachusetts' decision to decline intervention in ongoing litigation where its interests were allegedly at stake); U.S. v. Sabine Shell, Inc., 239 F.3d 480, 483 (5th Cir. 1982) (finding that purportedly necessary parties' failure to claim interest, despite awareness of litigation, undermined claim that they were required to be joined under Rule 19).

    1. Rule 19(a)(1)(B)(i): Proceeding in This Matter Will Not Impair or Impede AHC's Interests

The Receiver's decision not to claim an interest in this litigation is, in itself, sufficient to end the Rule 19(a)(1)(B) analysis, and to deny Defendants' Motion. However, even if AHC had claimed an interest in this litigation, or if "special circumstances" existed, AHC would still not be a required party under Rule 19. The Defendants contend that AHC has an interest in the litigation by way of "the collateral damage of having the precedent of liability if there is a judgment against the Defendants" in this case. Def.'s Mot. to Dismiss at 2 [54]. An adverse finding against the Jankes or MR, the Defendants argue, could impact AHC's settlement posture should the United States assert claims against it at some future time. See id. at 9 (citing Picciotto v. Continental Casualty Company, 512 F.3d 9 (1st Cir. 2008); Gonzalez v. Cruz, 926 F.2d 1 (1st Cir. 1991)). However, the cases that Defendants cite in support of this argument are

distinguishable, because the third parties to be joined were not joint tortfeasors, but persons who were the real parties in interest under insurance contracts. See Picciotto, 512 F.3d at 17 (concluding that attorney was required to be joined in federal malpractice suit, where plaintiffs had sued malpractice insurers in federal court, but sued attorney separately in state court); Gonzalez, 926 F.2d at 6 (concluding in an auto accident lawsuit that insurer was the real party in interest, and hence a required party, where plaintiff had only sued the insured). Furthermore

> the mere fact . . . that Party A, in a suit against Party B, intends to introduce evidence that will indicate that a non-party, C, behaved improperly does not, by itself, make C a necessary party. Given the vast range of potential insults and allegations of impropriety that may be directed at non-parties in civil litigation, a contrary view would greatly expand the universe of Rule 19(a) necessary parties. It is therefore not surprising that cases interpreting Rule 19 consistently hold that such "slandered outsiders" need not be joined.

Pujol, 877 F.2d at 136 (stating that "'the possibility of a subsequent suit based on [the joint tortfeasor's] relationship was not an eventuality that Rule 19 was designed to avoid'"); see also Janney Montgomery Scott, Inc., 11 F.3d at 407 ("[W]e do not believe any possibility of a 'persuasive precedent' requires joinder under subsection [19(a)(1)(B)(i)]"). Therefore, Defendants have failed to demonstrate that AHC has an interest in the subject of this litigation that would make it a party required to be joined under Rule 19(a)(1)(B)(i).

        2.     Rule 19(a)(1)(B)(ii): Defendants Will Not be Subject to Multiple or Inconsistent Obligations

Defendants further argue that this suit will not resolve AHC's liability via res judicata or collateral estoppel, and that therefore, as a practical matter, the Jankes could be forced to face the United States in two separate lawsuits—once as individuals in this action, and later as shareholders-officers in a future suit against AHC—thus running the risk of multiple or inconsistent obligations, which Rule 19(a)(1)(B)(ii) is intended to prevent. See Def.'s Reply at 3

8

[74].²² Defendants' multiple obligation argument confuses the Jankes' liability as individuals, and their interests as shareholders-officers of AHC. See Dewitt, 336 B.R. at 556 (stating that corporate receiver was not a required party where plaintiff could proceed against corporate officer individually). The Jankes may be found individually liable for their own actions in the present case, and derivatively liable as controlling shareholders or officers in a separate suit against AHC for AHC's actions as an independent entity. This is not a peril that Rule 19 was designed to avoid. See Moore's at ¶19.03[4][d] (stating that "[s]equential claims for damages do not inflict the relevant harm" that Rule 19 precludes).

Defendants complain that "[i]f the Jankes were to lose this litigation without AHC joined as a party, the Jankes would be liable for the entire judgment . . ." See Def.'s Mot. to Dismiss at 10 [4]. But there is nothing unusual or inappropriate about this "common result" of joint and several liability, inherent in which "is the right of the plaintiff to satisfy its whole judgment by execution against any one of the multiple defendants who are liable to him." See Janney Montgomery Scott, Inc., 11 F.3d at 412. Furthermore, as the United States acknowledges, the Defendants will not incur liability greater than the total judgment in this action, if any, because any liability they are subjected to here may be offset by later recovery from AHC. See Pl.'s Resp. in Opp'n at 18-19 [71].

Defendants misconstrue the meaning of Rule 19(a)(1)(B)(ii)'s "multiple liability" clause in arguing that they would be subject to multiple or inconsistent judgments if this case is allowed

---

²² This argument does not work entirely in Defendants' favor. To the extent Defendants are correct in arguing that judgment in this action would not be preclusive as to AHC, they undermine their argument that AHC's interests would be impaired or impeded under Rule 19(a)(1)(B)(i). See, e.g., See Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc., 669 F.2d 667, 670-71 (11th Cir. 1982) (holding absentee not required to be joined under Rule 19 in part because judgment would not have legally preclusive effect).

9                                    9

to proceed without AHC. The clause was designed to compel joinder in order to "avoid inconsistent obligations," not "inconsistent adjudications." See Moore's at ¶ 19.03[4][d]-[e]. "Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." Becerra, 2009 WL 1347398, at * 4. There is no such risk here. That Defendants may be found liable in this action, and AHC not liable in another future, hypothetical action, or vice versa, does not raise the specter of conflicting obligations that Rule 19 guards against.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss for Failure to Join a Required Party [54] is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this 17th day of August, 2009.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record